IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IKEIDA GAULT | : |
| *Plaintiff,* | : CIVIL ACTION NO. |
| v. | : |
| MATTHEW SNAYLEY and WOLF PAK TRANSPORT LLC *Defendant.* | : |

## CIVIL ACTION COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is a motor vehicle negligence claim against the Defendants, Matthew Snayley and Wolf Pak Transport LLC., for personal injuries caused to Plaintiff Ikeida Gault, by the negligent acts and/or omissions of the Defendants.

### II. PARTIES

2. Plaintiff, Ikeida Gault is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 103 Cohansey Street Bridgeton, NJ 08302.

3. Defendant, Matthew Snayley is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 1261 Old Ridge Road, Elizabethtown, PA 17022.

4. Defendant, Wolf Pak Transport LLC, was and is now a business entity, believed to be a limited liability corporation, duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a corporate headquarters and principal place of business located therein at 22 Black Hawk Lane, Elizabethtown, PA 17022.

### III. JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

6. The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the acts and/or omissions giving rise to the within claims occurred within the district.

### IV. STATEMENT OF CLAIMS

8. At all times material herein, Defendant Wolf Pak Transport LLC acted by and through its agents, servants, employees, workmen and/or other representatives, including Defendant Matthew Snayley, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

9. At all times material herein, Defendants, Wolf Pak Transport LLC and Defendant Matthew Snayley, owned, leased, possessed, maintained, controlled and/or operated a certain 2017 Kenworth Tractor, Pennsylvania license plate #AG53022, which was involved in the motor vehicle accident hereinafter described.

10. On or about November 10, 2016, Plaintiff, Ikeida Gault was a passenger in a 2016 Chevrolet Equinox motor vehicle, Pennsylvania license plate #X47GPG, which was traveling westbound on I-76 near mile marker 328.5, in Upper Merion Township, Montgomery County, Pennsylvania, which was involved in the motor vehicle accident hereinafter described.

11. On or about November 10, 2016, Plaintiff Ikeida Gault was a passenger in the aforementioned motor vehicle, which was lawfully traveling westbound on I-76 near mile marker

328.5, when, suddenly and without warning, the aforesaid Kenworth Tractor, owned by Defendant Wolf Pak Transport LLC, and operated by Defendant Matthew Snayley acting within the course and scope of his employment with Defendant Wolf Pak Transport LLC, which was traveling westbound on I-76 behind the vehicle in which Plaintiff was passenger, violently struck the rear of the vehicle in which Plaintiff was a passenger with such force so as to cause Plaintiff to sustain severe and permanent injuries as described more fully hereinafter.

12. The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence and carelessness of the Defendants and was due in no manner to any act or failure to act on the part of Plaintiff Ikeida Gault.

## COUNT I
## IKEIDA GAULT v. MATTHEW SNAYLEY
## NEGLIGENCE

13. Plaintiff hereby incorporates by reference paragraphs one (1) through twelve (12) of the within Complaint as though the same were fully set forth at length herein.

14. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, Matthew Snayley, which consisted of the following:

   (a) operating the aforesaid Kenworth Tractor at a high and excessive rate of speed under the circumstances;

   (b) failing to have the aforesaid Kenworth Tractor under proper and adequate control at the time of the motor vehicle accident described herein;

   (c) operating the aforesaid Kenworth Tractor in an unsafe and careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Ikeida Gault, more specifically, operating the aforesaid Kenworth Tractor at too high a speed for the conditions present at the time, failing to bring the aforesaid Kenworth Tractor to a stop prior to striking the rear of the vehicle in which Plaintiff was a passenger, and otherwise failing to operate the aforesaid Kenworth Tractor in a manner so as to avoid making contact with the vehicle in which Plaintiff was a passenger;

(d) failing to give proper and sufficient warning of the approach of the aforesaid Kenworth Tractor;

(e) failing to maintain a proper lookout upon the highway;

(f) failing to regard the point and position of other vehicles upon the highway, including the vehicle in which Plaintiff was a passenger;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of other persons upon the highway;

(i) failing to prevent the aforesaid Kenworth Tractor from striking the vehicle in which Plaintiff was a passenger;

(j) failing to follow the applicable Code of Federal Regulations 49 C.F.R.;

(k) failing to properly illuminate its aforesaid vehicle with reflective lighting;

(l) otherwise failing to exercise due and proper care under the circumstances; and

(m) violating various ordinances and statutes pertaining to the operation of motor vehicles, including, but not limited to, Pennsylvania Vehicle Code Section 3361.

15. By reason of the aforesaid negligence of the Defendant, Plaintiff, Ikeida Gault, has suffered severe and permanent injuries, including, but not limited to, cervical sprain and strain, straightening of the cervical spine with reversal of the cervical lordosis, cervicalgia, thoracic sprain and strain, lumbar sprain and strain with left lumbar radiculopathy, and headaches, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

16. As a further result of the motor vehicle accident described herein, Plaintiff has been

or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

17. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

18. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701 et. seq. as amended, for which she claims damages herein.

19. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

20. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of a use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

21. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

22. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered

great physical pain, suffering and mental anguish, all of which may continue into the future.

23. Plaintiff in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's negligence and carelessness.

24. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Ikeida Gault, demands judgment in her favor and against Defendant, Matthew Snayley in an amount in excess of $75,000 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT II
## IKEIDA GAULT v. WOLF PAK TRANSPORT LLC
## NEGLIGENCE

25. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-four (24) of the within Complaint as though the same were fully set forth at length herein.

26. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, Wolf Pak Transport LLC, which consisted of the following:

   (a) operating the aforesaid Kenworth Tractor at a high and excessive rate of speed under the circumstances;

   (b) failing to have the aforesaid Kenworth Tractor under proper and adequate control at the time of the motor vehicle accident described herein;

   (c) operating the aforesaid Kenworth Tractor in an unsafe and careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Ikeida Gault, more specifically, operating the aforesaid Kenworth Tractor at too high a speed for the conditions present at the time, failing to bring the aforesaid Kenworth Tractor to a stop prior to striking the rear of the vehicle in which Plaintiff was a passenger, and otherwise failing to operate the aforesaid Kenworth Tractor in a manner so as to avoid making contact with the vehicle in which Plaintiff was a passenger;

(d) failing to give proper and sufficient warning of the approach of the aforesaid Kenworth Tractor;

(e) failing to maintain a proper lookout upon the highway;

(f) failing to regard the point and position of other vehicles upon the highway, including the vehicle in which Plaintiff was a passenger;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of other persons upon the highway;

(i) failing to prevent the aforesaid Kenworth Tractor from striking the vehicle in which Plaintiff was a passenger;

(j) failing to follow the applicable Code of Federal Regulations 49 C.F.R.;

(k) failing to properly illuminate its aforesaid vehicle with reflective lighting;

(l) entrusting its aforesaid Kenworth Tractor to Defendant Matthew Snayley when his propensity for careless and/or negligent driving was or should have been known by Defendant;

(m) failing to recognize prior instances of careless and/or negligent driving by its employees, such as Defendant Matthew Snayley;

(n) failing to recognize prior accidents of its employees, such as Defendant Matthew Snayley;

(o) failing to properly hire employees qualified to drive commercial vehicles;

(p) failing to properly train, monitor and supervise its employees;

(q) failing to properly train employees on proper driving safety;

(r) otherwise failing to exercise due and proper care under the circumstances; and

(s) violating various ordinances and statutes pertaining to the operation of motor vehicles, including, but not limited to, Pennsylvania Vehicle Code Section 3361.

27. By reason of the aforesaid negligence of the Defendant, Plaintiff, Ikeida Gault, has suffered severe and permanent injuries, including, but not limited to, cervical sprain and strain, straightening of the cervical spine with reversal of the cervical lordosis, cervicalgia, thoracic sprain and strain, lumbar sprain and strain with left lumbar radiculopathy, and headaches, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

28. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

29. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

30. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701 et. seq. as amended, for which she claims damages herein.

31. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries

sustained in the aforesaid accident.

32. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of a use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

33. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

34. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

35. Plaintiff in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's negligence and carelessness.

36. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Ikeida Gault, demands judgment in her favor and against Defendant, Wolf Pak Transport LLC., in an amount in excess of $75,000 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

Respectfully,

SWARTZ CULLETON PC

By: /s/
Brandon A. Swartz, Esquire
Bryan M. Ferris, Esquire

*Attorneys for Plaintiff,*
Ikeida Gault

Date: November 17, 2017